## 8 E. 102nd St. LLC v Chapman

2025 NY Slip Op 33278(U)

September 12, 2025

Civil Court of the City of New York, New York County

Docket Number: Index No. L&T 312830/24

Judge: Clinton J. Guthrie

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK: HOUSING PART D
-----------------------------------------------------------------X
8 EAST 102ND STREET LLC,

                                          Index No. L&T 312830/24

                Petitioner,

        -against-                        **DECISION/ORDER**

DREW CHAPMAN, JANE KELLY, JOHN DOE,
JANE DOE,

                      Respondents.
-----------------------------------------------------------------X

Present:

        Hon. CLINTON J. GUTHRIE
                Judge, Housing Court

Recitation, as required by CPLR § 2219(a), of the papers considered in the review of respondents' motion for discovery pursuant to CPLR §§ 408 and 3101 (seq. 1) and respondent's motion to compel pursuant to CPLR § 3124 (seq. 3):

| Papers | Numbered |
|---|---|

**(Seq. 1)**

| | |
|---|---|
| Notice of Motion & All Documents Annexed…………….......  | 1 (NYSCEF #5-11) |
| Notice of Cross-Motion & All Documents Annexed……………  | 2 (NYSCEF #13-17) |
| Affirmation in Reply & All Documents Annexed…………......  | 3 (NYSCEF #18-22) |

**(Seq. 3)**

| | |
|---|---|
| Notice of Motion & All Documents Annexed.…………………  | 4 (NYSCEF #27-33) |
| Affirmation in Opposition & All Documents Annexed…………...  | 5 (NYSCEF #34-42) |

Upon the foregoing cited papers, the decision and order on respondents' motions, consolidated

for determination herein, is as follows.

PROCEDURAL HISTORY

      This summary nonpayment proceeding was filed in July 2024.  Respondents appeared

1

[* 1]

through counsel and interposed an answer on August 16, 2024. Respondents then moved for discovery and petitioner cross-moved for discovery. After adjournments of the motions for briefing and potential resolution, the parties, through their attorneys, executed a stipulation on July 16, 2025, which partially settled the respective discovery motions.

As is relevant here, the July 16, 2025 stipulation included the following agreements: (1) the parties would exchange "reports of any tests they performed on the water at the subject apartment" by July 23, 2025; (2) in the event that petitioner is able to and does "represent that it has had no other complaints about the quality of the water in the subject building," respondents agreed to withdraw the remaining parts of its motion seeking further discovery; and (3) in the event that petitioner did not make the representation regarding no other complaints about the quality of the water in the subject building, the court would decide the remainder of respondents' motion for discovery. On August 14, 2025, the attorneys for the parties appeared before the court. While respondents' attorney effectively conceded that petitioner had provided a representation about the lack of other complaints regarding the quality of water in the building, he made an application to modify or vacate the July 16, 2025 stipulation, inasmuch as respondents believed that petitioner possessed certain water reports that it had not disclosed. Over petitioner's objection, the court adjourned the proceeding for respondents to make a motion.

Subsequently, respondents filed a motion, albeit to enforce/compel compliance with the July 16, 2025 stipulation pursuant to CPLR § 3124, rather than to modify or vacate the stipulation. Petitioner opposed the motion and the court heard argument on the motion to enforce/compel and any remaining portions of respondents' underlying motion to dismiss.

2

[* 2]

While petitioner had previously cross-moved for discovery, petitioner did not further pursue discovery after the execution of the July 16, 2025 stipulation.

DISCUSSION/CONCLUSION

I.      Motion to Enforce/Compel

Respondents' second motion, to compel compliance with the July 16, 2025 stipulation, seeks water tests of the subject apartment that it claims were not produced pursuant to the stipulation, including one from June 2024.  Petitioner opposes the motion in its entirety, though it does annex copies of water tests for the subject premises from June 2024 and July 2024 that had not previously been produced to its opposition papers.   Petitioner's attorney states in his affirmation that the failure to provide the two tests from 2024 by the deadline in the July 16, 2025 stipulation was inadvertent (Rose Aff., ¶ 20).

Inasmuch as respondents' motion primarily seeks production of all water tests for the subject premises, including the one from June 2024, the court finds that petitioner has produced what respondent seeks in its motion, albeit after a motion was made to compel compliance. Petitioner's agent, Kolie Forest, states in an affirmation that all water tests for the subject apartment, dated June 12, 2024, July 4, 2024, and March 12, 2025, have been produced to respondents.  As respondents do not demonstrate that petitioner failed to produce any other water tests for the subject premises at this juncture, respondents' motion to compel compliance with the July 16, 2025 stipulation is denied.

II.     Motion for Discovery

Respondents argue that because petitioner did not fully comply with its obligations under the July 16, 2025 stipulation, it is entitled to further discovery pursuant to their original

3

[* 3]

discovery motions.  Petitioner opposes this request and asserts that pursuant to the terms of the July 16, 2025 stipulation, its compliance with the obligation to represent that has had no other complaints about the quality of the water in the subject building forecloses respondent's attempt to obtain further discovery.

As a general rule, "[s]tipulations embody a compromise between competing parties that, if not ambiguous, must be construed according to their plain language, without relying on what a party may have been able to prove in litigation." (*Banos v Rhea*, 25 NY3d 266, 276 [2015] [internal citations omitted]).  Upon reviewing the plain language of the July 16, 2025 stipulation, the court finds that respondents were obligated to withdraw the remaining parts of their motion for discovery if petitioner represented that it had no other complaints about the quality of the water in the subject building (Paragraph 2A).  Only if the representation was *not* made would the court be obligated to decide the remainder of respondents' motion (Paragraph 2B).  Petitioner credibly demonstrates that it provided the required representation via an email, dated July 23, 2025, from its attorney to respondents' attorney, and again through the affirmation of Kolie Forest annexed to petitioner's opposition papers (to the motion to enforce/compel) (*see* Forest Aff., ¶ 6).  Thus, by the plain terms of the July 16, 2025, respondents' motion was to be withdrawn and the court would not be obligated to decide the remainder of the motion.  While respondents suggest that petitioner's initial noncompliance with providing all water test reports for the subject apartment should reopen their right to discovery, the parties are bound by the terms of the stipulation, which unequivocally tied the continued viability of respondents' discovery motion only to petitioner's representation about other complaints about water quality

4

[* 4]

in the subject building. As such, respondents' underlying motion for discovery is denied except to the extent previously settled by stipulation.

The proceeding will be restored for trial transfer on October 17, 2025 at 9:30 AM in Part D, Room 524. This Decision/Order will be filed to NYSCEF.

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Dated: New York, New York
     September 12, 2025                     _____
                                    HON. CLINTON J. GUTHRIE
                                          J.H.C.

**APPROVED**
CGUTHRIE , 9/12/2025, 2:49:31 PM